```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

GUS HNARAKIS                    :

                v.                    : Civil Action No. DKC 2006-0557

MICHAEL McCOY                   :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the unopposed motion of the United States to substitute it as the Defendant and then to dismiss the complaint (paper 11).  For the reasons that follow, the motion will be granted.

Plaintiff Gus Hnarakis filed a complaint in the District Court of Maryland for Prince George's County against Michael McCoy, asserting: (1) tort-civil wrong, (2) damage for personal pain and suffering, and (3) replevin - return of personal property. According to the Notice of Removal, this case stems from an incident at the FBI Calverton Office where Plaintiff was issued a criminal trespass citation by Prince George's County police.  The United States Attorney certified that Michael McCoy was acting within the scope of his federal employment, and the case was removed to this court pursuant to 28 U.S.C. § 2679(d).

The United States thereafter filed a Motion to Substitute and Dismiss. Plaintiff has supplied additional documents, but has not otherwise responded to the motion.[1]

When a plaintiff sues an employee of the federal government for money damages and the employee was acting within the scope of his employment, the Federal Tort Claims Act applies and the remedy is against the United States alone. Thus, the claim against Michael McCoy will be dismissed, and the United States will be substituted as the defendant.

Title 28 U.S.C. § 2675 states as follows:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

---

[1] Based on the additional documents, Plaintiff contends that Agent McCoy told Officer Zelaya to write a trespassing ticket. The charge was dismissed when the FBI did not show up for court. He asserts that the property being withheld consists of a Swiss army knife, two black pocket knives, a can of pepper spray, a wooden post sign, a large screw driver, a snap-on screw driver set, and a box knife.

The time for making a claim is set forth in 28 U.S.C. § 2401:[2]

> (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The requirement for timely presenting a claim is absolute:

> We stated in *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986), that the requirement of the filing of a claim by 28 U.S.C. § 2675(a) was "jurisdictional and may not be waived."  Of like effect is *Kielwien v. United States*, 540 F.2d 676 (4th Cir. 1976). The justification for the strict enforcement of such statutes waiving sovereign immunity is found in *Kielwien*, 540 F.2d at 679, and is because the right to sue the government exists only by virtue of § 2675, which fixes the terms and conditions on which suit may be instituted.

---

[2] There may be additional time for making a claim in a case removed from State court pursuant to 28 U.S.C. § 2679 (d)(5):

(5) Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if--

(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and

(B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

*Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990).  Defendant asserts, without contradiction from Plaintiff, that no administrative claim has been filed by Plaintiff.  Accordingly, the complaint must be dismissed.[3]  A separate Order will be entered.

                                                                                                   /s/
                                         DEBORAH K. CHASANOW
                                         United States District Judge

---

[3] It is unlikely that sovereign immunity has been waived by the United States as to Plaintiff's claim concerning his property. *See* 28 U.S.C. §§ 2680 (c); *Andrews v. United States*, ___ F.3d ___, No. 04-7269, 2006 WL 168054, at *2-3 (4th Cir. Jan. 25, 2006).